GEORGE A. SCHASTEY, Respondent, *against* SEMON BACHE *et al.*, Appellants.

(Decided February 7th, 1881.)

Upon a sale of plate glass mirrors to be boxed and shipped from New York to San Francisco, the sellers insured the safe arrival of the mirrors, without injury, at San Francisco. Having been transported by railroad to that city, they were carried a distance of about two miles from the railroad depot there through the city, and, on the second day afterwards, the cases were opened and the mirrors were found to have been injured. In an action on the contract of insurance, no evidence was given tending to show whether the injury occurred before or after the arrival of the mirrors at San Francisco. *Held*, that a verdict for the plaintiff could not be sustained.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

In February, 1877, the plaintiff bought of the defendants, and the defendants agreed to deliver to the plaintiff's order, properly boxed and packed for shipment to the city of San Francisco in the state of California, four plate glass mirrors. At the time of the purchase of the mirrors, the defendants for a consideration guaranteed the safe arrival without injury of the mirrors at the city of San Francisco. The merchandise was transported by rail to the city of San Francisco, and from the railroad depot was carried some two miles through the city

Schastey *v.* Bache.

to a barn of a man by the name of Crocker to whom the mirrors were delivered. Upon the second day after the arrival of the mirrors at Crocker's barn they were opened and it was found they had been injured in transportation. An action having been brought in this court upon the contract of insurance, the jury found for the plaintiff. A motion by the defendants for a new trial was denied, and judgment for the plaintiff was entered on the verdict. From the judgment and the order denying the motion for a new trial, the defendants appealed.

*George H. Yeaman,* for appellants.—There was no evidence to sustain the verdict. It is not sufficient to show a state of facts as consistent with the occurrence of the accident or damage after as before the termination of the risk (*Canfield* v. *Baltimore, &c. R. R. Co.,* 75 N. Y. 144). There must not only be a possibility that the injury complained of occurred as alleged, but the circumstances must lead to this result, not only as a fair inference, but as a necessary conclusion. Testimony capable of two interpretations will not justify the verdict in favor of a complainant (*Pollock* v. *Pollock,* 71 N. Y. 137).

*Thomas B. Odell,* for respondent.—It was exclusively for the jury to determine as to where and how the damage occurred (*Harris* v. *Panama R. R. Co.,* 3 Bosw. 14; *Starbird* v. *Barrows,* 2 Hun, 108; *Sturm* v. *Williams,* 38 Super. Ct. [6 Jones & S.] 325).

PER CURIAM.—The case is entirely barren of evidence which would in the least tend to show whether the injury which the mirrors were found to have suffered when they were opened at the barn of Mr. Crocker occurred during their transportation by rail to the city of San Francisco, or during the time they were being carried from the railroad depot to the barn of Mr. Crocker through the city of San Francisco.

It was urged by the counsel for the respondent that from all the evidence in the case it was the privilege of the jury to determine where that injury occurred.

In the case of *Canfield* v. *Baltimore and Ohio Railroad Company,* the court of appeals have held that it is the duty of a party to show by some evidence where the injury occurred in order to justify the jury to make any finding upon that subject in a case in which the liability depends upon the injury having occurred during a certain portion of the transportation. That case was an action against a common carrier to recover for goods alleged to have been abstracted from packages delivered to him for transportation and which packages were duly delivered to the consignee. The plaintiff's evidence was to the effect that the goods lost were properly packed in one of eighteen boxes which were delivered to a cartman to take to the defendant's depot, to be transported from Washington to the city of New York, and that one of the parties interested in them, who was dead at the time of trial, was with the cartman when the boxes were delivered to defendant. The boxes reached their destination, and were delivered to the consignees. The cartman who received them testified that the packages were in good order as far as he knew, and there was nothing broken open or in bad order. Some two or three days after delivery, on opening the box and discovering the loss, the box was then first examined particularly, and the discovery was made that it had been opened and the nails re-driven. No evidence was given of the care taken of the boxes from the time of delivery to that of the discovery of the loss. The jury having found a verdict for the plaintiffs, it was held that there was no legal proof upon which a finding could be based that the goods were abstracted while the packages were in the defendant's possession, and that a denial of a motion to dismiss the complaint was error.

There seems to be no difference whatever between that case and the one at bar. The plaintiff must show, in order to recover, by some evidence, that the injury has occurred during the time the goods were covered by the contract of insurance, and the jury cannot be permitted, without any evidence upon that subject, to speculate as to where, and when, and how, the injury has occurred.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.